UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUNZL DISTRIBUTION USA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN SCHULTZ, MARCIA SCHULTZ, ) <br> ALLEN SCHULTZ, JANE SCHULTZ, and ) <br> GRAYMARK TISSUE COMPANY, INC., ) <br> ) <br> Defendants. ) <br> ) | Cause No. 4:05CV605 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. No. 6). Defendants assert that Plaintiff's claims are compulsory counterclaims to a case now pending in state court in Florida. Both cases arise out of a tissue paper distribution arrangement between Plaintiff, Defendants, and various tissue manufacturing companies. The issue has been fully briefed and is ready for disposition. For the reasons discussed below, the Court denies Defendants' Motion to Dismiss.

## BACKGROUND

Defendants John Schultz, Marcia Schultz, Allen Schultz, and Jane Schultz (hereinafter collectively "the Schultz Defendants") own and control Defendant Graymark Tissue Company ("Graymark"). (Complaint, Doc. No. 1, ¶ 12). In 2003, Graymark orally contracted with Plaintiff Bunzl Distribution USA ("Bunzl") to act as a middleman between Bunzl and various tissue

1

manufacturers. Bunzl would place its orders for products through Graymark. Graymark would then place the orders with the manufacturers. Bunzl would pay Graymark for the orders, and Graymark would then pay the manufacturers. (Id. ¶ 13). In connection with this oral agreement, Bunzl, in writing, agreed to guaranty amounts owed by Graymark to some manufacturers. (Id. ¶ 14). The Schultz Defendants agreed, also in writing, to indemnify personally Bunzl for any amounts paid out under the guaranty. (Id. ¶ 15).

In January 2005, Graymark filed suit in Florida state court[1] against Bunzl and one of the manufacturers. The Florida suit alleges tortious interference with advantageous business relationship, breach of oral agreement, breach of fiduciary duty, fraudulent inducement, and conspiracy. (Defendants' Motion to Dismiss, attached exh. B ("Florida Amended Complaint")). Bunzl, as a defendant in the Florida suit, has not yet answered, but has filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief may be granted.

Bunzl filed the instant suit in this Court on April 15, 2005. (Complaint, Doc. No. 1). Count I alleges breach of the indemnity agreement by the Schultz Defendants. Counts II and III allege unjust enrichment and breach of oral agreement by Graymark. (Id.). The Schultz and Graymark defendants moved to dismiss the complaint on June 16, 2005. (Motion to Dismiss, Doc. No. 6). They assert that the case should be dismissed because the claims are compulsory counterclaims to the Florida suit.

## DISCUSSION

---

[1] The case was removed to the United States District Court for the Southern District of Florida, and then remanded back to the Circuit Court for Palm Beach County. (Plaintiff's Memorandum in Opposition to Motion to Dismiss, Doc. No. 10, attached exh. 1).

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

Defendants argue that this case must be dismissed because the claims are compulsory counterclaims to the Florida suit. They assert that under Fla. R. Civ. P. 1.170,[2] Bunzl is required to bring its claims as compulsory counterclaims in the Florida suit. Fla. R. Civ. P. 1.170(a) reads:

> Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon that party's claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.

Defendants argue that, because the two suits arise out of the same transaction or occurrence, they should be settled in one lawsuit. As to Count I, which is against only the Schultz Defendants, Bunzl responds that the Schultz Defendants are not opposing parties to the Florida suit, so it is not

---

[2] This Court applies Florida law in its inquiry. The Florida suit is in Florida state court. In addition, both written agreements in this matter state that they are governed by Florida law.

3

a compulsory counterclaim. With respect to Counts II and III, which are against Graymark, Bunzl asserts that because it has not yet filed an answer in the Florida suit, the claims are not compulsory counterclaims. Defendants reply that although the Schultz Defendants are not named parties in the Florida suit, "as principals of Graymark" they are "inextricably intertwined with Graymark."

The Court agrees with Bunzl that this action is not a compulsory counterclaim to the Florida suit. The Florida suit is still pending and no answer has yet been filed. Florida courts have held that a "party who has failed to interpose a compulsory counterclaim in a lawsuit which remains pending may nevertheless file an independent action on the same claim." Singer v. Fla. Paving Co., Inc., 459 So. 2d 1146, 1148 (Fla. Dist. Ct. App. 1984). Because Bunzl has not filed an answer in the Florida suit, it is not yet required to file compulsory counterclaims. Coral 97 Assoc. v. Chino Elec. Co., 501 So. 2d 69, 71 (Fla. Dist. Ct. App. 1987). Thus, under Florida law, Bunzl may file its claims in an independent suit.[3] In addition, Count I would not be a compulsory counterclaim because the Schultz Defendants are not parties, much less opposing parties, in the Florida suit.

---

[3] Fed. R. Civ. P. 13(a) is identical to the Florida compulsory counterclaim rule, and federal courts have reached the same result. Fullerton Aircraft Sales & Rentals, Inc. v. Beech Aircraft Corp., 842 F.2d 717, 722 (4th Cir. 1988) (even if the federal court claims were compulsory counterclaims to the state court claims, "Rule 13(a) could not be invoked to bar this action until the [state court] action had proceeded to final judgment."); Morisada Corp. v. Beidas, 939 F.Supp. 732, 735 n.1 (D. Haw. 1995) ("The Court finds that Rule 13(a) does not address the circumstances in which a federal court should stay or dismiss proceedings because of the pendency of a related state court proceeding."); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1418 (2d ed. 1990).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 6) is **DENIED**.


Dated this <u>9th</u> day of December, 2005.

                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE